UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RUSSELL STAHL,

                Plaintiff,

-vs-                                              Case No. 8:06-cv-1495-T-24TBM

NEW WORLD COMMUNICATIONS
OF TAMPA, INC., et al.,

                Defendants.
_____/

## O R D E R

This cause comes before the Court for consideration of Defendants' Notice of Removal (Doc. No. 1, filed August 14, 2006). Defendants removed this case based upon 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332.

Because removal is conferred by statute, 28 U.S.C. § 1441, the right of removal must be strictly construed by the removal court to limit federal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (Stone, C.J.); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). As a result, all uncertainties are resolved in favor of remand. See Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996); Burns, 31 F.3d at 1095.

Defendants assert in their Notice of Removal that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Defendants assert that the parties are citizens of different states but do not allege that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Plaintiff's complaint demands

damages "in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees . . . ."

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

Because Defendants in this case have failed to assert any amount in controversy in their Notice of Removal, this Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk is directed to remand this action to state court and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge